IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHARLIE SCOTT,  )<br>REG. NO. 13008-045,  )<br>                              )<br>         Petitioner,  )<br>                              )<br>v.                            )<br>                              )<br>KENNY ATKINSON, WARDEN,  )<br>FCI EDGEFIELD, AND THE  )<br>UNITED STATES PAROLE  )<br>COMMISSION,  )<br>                              )<br>         Respondents.  )<br>_____) | Civil Action No. 9:13-2936-RMG-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

This Petition for a writ of habeas corpus was filed on October 28, 2013, pursuant to 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina, raises the following issues in his Petition:

> **Ground One:** The Parole Board arbitrarily fails to consider Petitioner's institutional behavior.
>
>> **Supporting Grounds**: Petitioner has maintained perfect institutional behavior. Yet the Parole Board fails to consider this factor in its refusal to grant him parole, including his Superior Programming.
>
> **Ground Two:** The Parole Board arbitrarily fails to consider Petitioner's cooperation with law enforcement.
>
>> **Supporting Grounds**: Petitioner has cooperated with different agencies of law enforcement resulting in successful prosecution of serious crimes. Yet the Parole Board fails to consider this factor in its



> refusal to grant him parole.
>
> **Ground Three:** The Parole Board arbitrarily considers underlying charge as new criminal conduct.
>
>> **Supporting Facts**: The Parole Board penalizes Petitioner as if he has new criminal conduct. Yet it merely refers to the underlying charge.

See Petition, pp. 8-9.

Petitioner requests this Court to issue a mandate to the United States Parole Commission ("Parole Commission") to release him on parole.

Respondent filed a motion to dismiss and/or for summary judgment, on April 10, 2014. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on April 14, 2014, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After receiving extensions of time to respond, Petitioner filed a "Traverse to Motion to Dismiss" in opposition to the motion on July 7, 2014.

This matter is now before the Court for disposition.[1]

**Background**

Petitioner's history and record are set forth as follows:

Petitioner engaged in a crime spree which spanned from 1987 to 1995. During that time, using various aliases and fraudulent misrepresentations of himself as a person with authority (Army officer or police officer), he lured young women into trusting

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion to dismiss and/or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



> interactions with him and then would commit sexual assaults upon them. Seven young women were victims of sexual assaults by Petitioner. (Exhibit 2, Prehearing Assessment, summarizing Petitioner's criminal activities.) A chart that summarizes the events of the spree is submitted as Exhibit 2 A. Petitioner escaped from custody three times. He escaped from Jefferson (Alabama) County Jail on July 25, 1992. (Exhibit 2, p. 2.) While on escape status, he traveled to San Antonio, Texas, where he was arrested for a series of rapes he had committed after the first escape. He then escaped from Bexar (Texas) County Jail. (Exhibit 2, p. 3). He was re-arrested when he went to the home of his last rape victim, an 18 year old whose mother called police. (*Id.*) He attempted to escape while being taken to Fort Hood for a military justice hearing. (*Id.*) He later escaped from Fort Sill, Oklahoma, and was in escape status from March 17, 1993, until he was arrested in California on September 7, 1995. (*Id.*)

See Motion to Dismiss, pp. 1-2.[2]

Petitioner was sentenced following a United States Army Court Martial on December 18, 1995, to a 40 year term of imprisonment for desertion, rape, larceny, robbery with a firearm, house breaking, kidnapping, impersonation of an officer, attempted escape, and escape from confinement. See Respondent's Exhibit 1.

On January 13, 2003, the Parole Commission conducted an initial parole hearing for Petitioner. See Respondent's Exhibit 3. The Commission rated Petitioner's offenses as being a Category Seven severity, assessed his Salient Factor Score as 7 points, and found an applicable parole guideline range of 206-332 months to be served prior to release. The Commission explained its guideline calculation as follows:

> Your offense behavior has been rated as Category Seven severity because it involved Rape, Robbery, Escape, and Impersonation of a Non-commissioned Officer and using Military ID. Your salient factor score is 7 . . . . You have been in federal confinement as a result of your behavior for a total of 95 months as of 01-13-2003. Guidelines established by the Commission for the above offense behavior indicate a range of 64-92 months to be served before release for cases with good institutional adjustment and

---

[2]Petitioner states that he has no objections to the facts, set forth hereinabove, as cited in Respondent's Motion. See Petitioner's Traverse to Motion to Dismiss, p. 1.



> program achievement.
>
> **In addition**, you escaped or attempted to escape from secure custody 5 times. Guidelines established by the Commission indicate a range of 8-16 months to be added to your guideline range for each occurrence.
>
> **In addition**, you committed new criminal conduct while in a prison facility of Category Three severity because it involved two (2) separate acts of bribery. Guidelines established by the Commission indicate a range of 24-32 months to be added to your guideline range.
>
> **Also**, you committed behavior that constitutes new criminal conduct while in a prison facility that extends into the community which is rated as Category Seven severity because you kidnapped two women at gun point and released them unharmed and also committed additional rapes. Your recalculated salient factor score (SFS-98) after considering your new criminal conduct is 5. Guidelines established by the Commission, which consider the above factors, indicate a range of 78-110 months to be added to your guideline range.

See Respondent's Exhibit 4.

Under the Commission's regulations, conduct that a prisoner commits while in custody is deemed "rescission behavior", and guidelines are assessed for that conduct that add to the guidelines assessed for the original criminal conduct. See 28 C.F.R. § 2.36(a). Hence, the Commission found that Petitioner was not suitable for parole release within the 15 years following his initial parole hearing, and ordered his case continued to a 15 year reconsideration hearing, to be held in January 2018. See Respondent's Exhibit 4. On April 24, 2003, this decision was affirmed on administrative appeal. See Respondent's Exhibit 5.

A 15 year reconsideration hearing is a full *de novo* assessment of a case. 28 C.F.R. § 2.14(c). However, a prisoner in whose case a 15 year reconsideration hearing is ordered remains entitled to bi-annual "statutory interim hearings", at which the Commission considers institutional comportment, and may advance the date of the 15 year hearing for "superior program achievement"



or "other clearly exceptional circumstances." 28 C.F.R. § 2.14(a)(2)(ii).  Petitioner received a statutory interim hearing on January 18, 2005, following which the Parole Commission ordered no change in its prior order that Petitioner serve up until his 15 year reconsideration hearing with the further recommendation that he participate in sex offender counseling while in custody. See Respondent's Exhibit 6.  On May 3, 2005, the National Appeals Board affirmed this decision. See Respondent's Exhibit 7.

On November 29, 2006, Petitioner received another hearing, and this time the examiner recommended Petitioner receive one year off his 15 year reconsideration hearing date based upon Superior Program Achievement and cooperation. See Respondent's Exhibit 8. However, in a decision dated December 15, 2006, the Parole Commission did not accept the recommendation and ordered no change in Petitioner's 15 year reconsideration hearing date. See Respondent's Exhibit 9. The National Appeals Board affirmed the decision on March 26, 2007, finding no abuse of discretion. See Respondent's Exhibit 10.

Respondent advises that Petitioner thereafter waived consideration on October 15, 2008, and then reapplied on July 15, 2009. See Respondent's Exhibits 12 and 13. Petitioner's case was heard on November 17, 2009, following which the Parole Commission ordered no change. See Respondent's Exhibits 11 and 14. The National Appeals Board affirmed on February 2, 2010. See Respondent's Exhibit 15.  Petitioner's next hearing was on November 17, 2011, after which on December 21, 2011, the Parole Commission ordered no change. See Respondent's Exhibits 16 and 17. The National Appeals Board affirmed that decision on July 27, 2012. See Respondent's Exhibit 18.

Petitioner's most recent hearing was on August 29, 2013, following which the Parole



Commission again ordered no change in the 15 year reconsideration hearing date. See Respondent's Exhibits 19 and 20. The National Appeals Board affirmed that decision on February 18, 2014. See Respondent's Exhibit 21. As noted, Petitioner contends that the Parole Commission has erred in not granting him parole, and asks that a mandate be issued by this Court to the Parole Commission to grant him parole.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a *pro se* litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Respondent does not contest that Petitioner's claims may be brought under 28 U.S.C. § 2241, and also does not dispute that Petitioner has exhausted his administrative remedies with respect to these claims. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)["A prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief in federal court."]; Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004)[holding administrative exhaustion requirement applicable to prisoners seeking habeas relief, including relief



pursuant to § 2241]; Meli v. Warden, No. 92-305, 1992 WL 512461, at * 2 (E.D.Va. Oct. 26, 1992)["After exhaustion of administrative remedies, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the means for challenging actions of the Federal Parole Commission, whether the relief sought is release or another parole hearing"]. Nonetheless, although this Petition is otherwise properly before this Court, the Parole Commission has broad discretion in determining whether to release a prisoner on parole; Furnari v. U.S. Parole Com'n, 125 Fed. Appx. 435, 437 (3d Cir. 2005)(citing United States ex re. Goldberg v. Warden, Allenwood Fed. Prison Camp. 622 F.2d 60, 63 (3d Cir. 1980)); and therefore judicial review of the Parole Commission's actions is a narrow one, with the test being whether the decision of the Parole Commission is arbitrary or capricious, or an abuse of discretion. Id.

Pursuant to this standard of review, and after careful review and consideration of the allegations of the Petition, the record in this case, and the arguments presented, the undersigned finds for the reasons set forth hereinbelow that Petitioner's claims are without merit, and that this case should be dismissed.

**I.**

Prior to discussing his individual grounds, Petitioner initially argues in his Petition that the Parole Commission has impermissibly denied him parole in violation of 18 U.S.C. § 4206(d). Section 4206(d) provides,

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including a life term, whichever is earlier: *Provided, however,* That the commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.



<u>See</u> 18 U.S.C. § 4206(d)[Emphasis Added].

Although the Respondent addressed this argument in his brief, Petitioner did not specifically respond to Respondent's argument in his opposition memorandum. Therefore, it is not clear if he is still asserting this claim. In any event, it is undisputed that Petitioner was sentenced to a 40 year term on December 18, 1995, with 325 days of jail credit. <u>See</u> Respondent's Exhibit 1, pp. 1-2. Two-thirds (the relevant amount to be applied to a sentence the length of Petitioner's sentence under § 4206) of Petitioner's 40 year sentence is approximately 26 years. Therefore, even if § 4206(d) was applicable to Petitioner's military case, it would not require any current action by the Parole Commission, as Petitioner has only served under 20 years to date.

Rather, the Respondent correctly points out that the Parole Commission made its decision in Petitioner's case under 18 U.S.C. § 4206(a), which provides as follows:

> If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:
>
> (1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and
>
> (2) that release would not jeopardize the public welfare; subject to the provisions of subsections (b) and (c) of this action, and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released.

18 U.S.C. § 4206(a).

Therefore, Petitioner's claims have been considered under this statute and the caselaw applicable to decisions of the Parole Commission, as discussed hereinbelow.

## II.

In Ground One of his Petition, Petitioner contends that the Parole Commission



arbitrarily denied him parole by not rewarding him for superior program achievement. Under 28 C.F.R. § 2.60(c), "[u]pon a finding of superior program achievement, a previously set presumptive parole date *may* be advanced." [Emphasis Added].

Here, the record reflects that the Parole Commission considered Petitioner's participation in programs and his conduct in prison. See Respondent's Exhibits 3, 6, 8, 11 and 16. However, during his numerous hearings over the years, an examiner only once recommended, in 2006, that his 15 year reconsideration date be reduced by one year due to his good example and cooperation, and even then the Parole Commission disagreed and found that a change in the 15 year reconsideration hearing date was not warranted. See Respondent's Exhibit 8, p. 2; see also Respondent's Exhibit 9. There is nothing in the evidence and material before this Court to show anything improper or arbitrary about the Parole Board's decision. "A history of model prison conduct is only one factor which the Commission examines, and the existence of such good behavior does not require the Commission to grant parole." Page v. United States Parole Comm'n, 651 F.2d 1083, 1087 (5th Cir. 1981); cf Stroud v. United States Parole Com'n, 668 F.2d 843, 846 (5th Cir. 1982). "This is equally true in the Commission's consideration of a case manager's recommendation, be it positive or negative." Page, 651 F.2d at 1087. If automatic awards were supposed to be granted, as Petitioner apparently contends, then the regulation would not include the word "may". Briggs v. United States Parole Com'n, 611 F.Supp. 306, 309 (N.D.Ill. 1984), aff'd sub. nom, Briggs v. Luther, 753 F.2d 1077 (7th Cir. 1985); Otsuki v. United States Parole Comm'n, 598 F.Supp. 531, 532 (D.Kan. 1984), aff'd, 777 F.2d 585 (10th Cir. 1985).

Hence, although Petitioner points to his completion of the sex offender program and his good conduct while in custody, he has not shown that the Parole Commission has been



unreasonable or arbitrary in its findings based upon the severity of Petitioner's crimes, his severity rating, his salient factor risk category, and the relevant case law. Therefore, this issue is without merit. Cf. Resnick v. U.S. Parole Com'n, 835 F.2d 1297, 1301 (10th Cir. 1987)[where the court noted that prison conduct is only one of the factors to be considered in parole release decisions and that the decision of the Parole Commission must be upheld unless shown to be arbitrary or capricious, or an abuse of discretion].

### III.

In Ground Two of the Petition, Petitioner contends that the Parole Board arbitrarily failed to consider his cooperation with law enforcement; i.e., that he cooperated with different agencies of law enforcement resulting in the successful prosecution of serious crimes. The relevant section of 28 C.F.R. § 2.62 provides,

> (a) The Commission may consider as a factor in the parole release decision-making a prisoner's assistance to law enforcement authorities in the prosecution of other offenders. . . .
>
> (3) The release of the prisoner must not threaten the public safety.
>
> . . .
>
> (b) If the assistance meets the above criteria, the Commission **may** consider providing a reduction of up to one year from the presumptive parole date that the Commission would have deemed warranted had such assistance not occurred. . . .

[Emphasis Added].

The record shows that the Parole Commission was aware as early as 2005 of Petitioner's cooperation with state authorities and that the Commission did consider Petitioner's cooperation with authorities. See Respondent's Exhibit 6. The examiner in 2006 even recommended that his 15 year reconsideration date be reduced by one year due to his cooperation and good conduct.

10



See Respondent's Exhibit 8, p. 2. The Parole Commission, however, disagreed; see Respondent's Exhibit 9; and as previously discussed, a case manager's recommendation, be it positive or negative, is not required to be followed. Page, 651 F.2d at 1087.

In sum, although Petitioner points to his cooperation as reflected in the record, he has not shown that the Parole Commission has been unreasonable or arbitrary in its discretionary findings based upon the severity of Petitioner's crimes, his severity rating, his salient factor risk category, and the relevant case law. Therefore, this issue is also without merit.

### IV.

In Ground Three of his Petition, Petitioner contends that the Parole Board arbitrarily considered the "underlying charge" as new criminal conduct, referring to the crimes he committed relating to his escape. Specifically, Petitioner asserts that "[t]he Parole Board penalizes Petitioner as if he has new criminal conduct. Yet it merely refers to the underlying charge." See Petition, p. 9. Petitioner argues that this is "plainly outside 18 U.S.C. § 4206(d)." See Attachment to the Petition, p. 4. Petitioner also asserts that the Parole Commission "erred in finding that he committed 'new criminal conduct' which was committed while on escape", citing to 28 C.F.R. § 2.36(a), and therefore acted outside of its statutory and regulatory authority.

Title 28 C.F.R. § 2.36(a) provides:

> [t]he following guidelines shall apply to the sanctioning of disciplinary infractions or new criminal conduct committed by a prisoner during any period of confinement that is credited to his current sentence **(whether before or after sentence is imposed)**, but prior to his release on parole; and by a parole violator during any period of confinement prior to or following the revocation of his parole (except when such period of confinement has resulted from initial parole to a detainer). These guidelines specify the customary time to be served for such behavior which shall be added to the time required by the original presumptive or effective date. . . .

11



[Emphasis Added].

Petitioner has made no showing that the Parole Commission violated this C.F.R. or improperly considered his criminal conduct which occurred while he had escaped. cf. Lychanko v. Davis, 129 Fed.Appx. 316, 318 (7th Cir. 2005)[In discussing an escape charge, the Court found that criminal conduct under 28 C.F.R. § 2.36(a) could apply to criminal conduct that occurs before the offender's sentence begins]; Scott v. Eiechenlaub, No. 09-204, 2011 WL 834004 at ** 3-4 (N.D.Fla. Mar. 4, 2011)[where the court held that "[a]fter his initial arrest for rape, petitioner escaped from custody and the offenses that he committed while on escape were properly considered under the rescission guidelines."]; Mitchell v. Outlaw, No. 07-122, 2010 WL 446493 at * 3 (E.D.Tex. Feb. 2, 2010)[Although Petitioner argued that the Commission improperly increased his guideline range for his parolable sentence by considering escape, for which he was convicted and sentenced to serve a consecutive sentence, the Court disagreed and held that the Parole Commission is allowed to consider any reliable evidence and the Commission did not violate the double jeopardy prohibition by following the regulation because double jeopardy does not apply to parole proceedings.]; Scott, 2011 WL 834004 at * 4 ["After his initial arrest for rape, petitioner escaped from custody and the offenses that he committed while on escape were properly considered under the re[s]cission guidelines. . . . Under the deferential review standard, the Commission most certainly did not abuse its discretion in applying the re[s]cission guidelines to petitioner"].

This issue is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**,



and that Petitioner's claim be **dismissed.**

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

September 12, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

