IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charlie Scott, | ) Civil Action No. 9:13-cv-02936-RMG |
| Petitioner | ) |
| v. | ) **ORDER** |
| Kenny Atkinson, Warden, FCI Edgefield, Respondent | ) |

Petitioner filed a petition for a writ of habeas corpus, requesting relief from the Parole Commission's decision not to grant him parole. The matter is now before the Court on a Report and Recommendation ("R&R) (Dkt. No. 47) from the Magistrate Judge presiding over the case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Respondent has filed a Motion to Dismiss. (Dkt. No. 21). As explained herein, the Court adopts the Magistrate's "R&R" in whole and GRANTS Respondent's motion.

Petitioner Charlie Scott is presently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, where he is serving a 40 year sentence for desertion, rape, larceny, robbery with a firearm, house breaking, kidnapping, personation of an officer, attempted escape, and escape from confinement. (Dkt. No. 21 at 1). According to materials submitted by Respondent, which are undisputed by Petitioner, he has attempted to escape from prison at least five times, and succeeded at least three times; during one escape episode he committed "a series of rapes." (*Id.* at 2). He petitions to challenge the Parole Commission's decision not to grant him parole, arguing that the Parole Board improperly considered three factors: his "perfect

institutional behavior," his "cooperation with law enforcement," and the distinction between his underlying charge and new criminal conduct. (Dkt. No. 1 at 8-9).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the commission's regulations, misconduct that the prisoner commits while in custody is deemed "rescission behavior" and guidelines are assessed for that conduct to add to the guidelines assessed for the original criminal conduct. *See* 28 C.F.R. § 2.36(a). The Commission, taking into account Petitioner's escapes and attempted escapes, as well as bribery, kidnap and rape after incarceration, properly decided that Petitioner was not suitable for parole release within the 15 years following his initial parole hearing. Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The court has reviewed the R&R, the full administrative record in this matter, and the relevant legal authorities the Court finds that the Magistrate Judge ably and properly summarized the factual and legal issues and appropriately recommended that the action should be dismissed.

Petitioner filed an objection to the R&R. (Dkt. No. 50). However, to the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in

2

the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

Petitioner does argue three issues that he contends show error in the Magistrate Judge's recommendations. Issue I is that the Return and the R&R "fail[] to apply the correct Standard" because they do not "use Title 18 U.S.C. § 3551 as the Standard of Review." (Dkt. No. 50 at 5). 18 U.S.C. § 3551 is a general provision dealing with federal sentencing, and provides that an individual found guilty of an offense shall be sentenced to a term of probation, a fine, or a term of imprisonment. It does not provide a standard of review for Parole Board decisions.

Petitioner's Issue II is that petitioner "should have been granted parole because he is clearly gone above the norm in his rehabilitative efforts to return to society as a law abiding citizen." As the R&R states, "A history of model prison conduct is only one factor which the Commission examines, and the existence of such good behavior does not require the Commission to grant parole." (R&R at 9 (citing *Page v. United States Parole Comm'n*, 651 F.2d 1083, 1087 (1981)). Petitioner's argument that "it should be the exempl[ary] record of the past 20 years that forms the basis for any Parole decision, petitioner has already been punished for those crimes...." is incorrect. His sentence for those past crimes was forty years, which he has not yet served. It is within the Parole Commission's discretion to make parole decisions based on the severity of Petitioner's crimes, his severity rating, his salient factor risk category, and relevant case law. Review of these factors shows no abuse of discretion or arbitrary and capricious decisionmaking on the part of the Parole Commission.

Issue III argues that any institutional infractions in his record "did not rise to the level of 'new criminal conduct.'" Respondent, however, has submitted Petitioner's 2002 Parole Rehearing Assessment (Dkt. No. 21-2), which formed the basis for the disputed Parole Board

3

decision, and it lists twelve different incidents of rescission conduct taking place between 1996 and 1999, including bribery, threatening conduct, disobedience and attempted escape. Each incident was appropriately used to calculate time added to his period of confinement pursuant to the Parole Guidelines (*see* 28 C.F.R. § 2.36(a); R&R at 11-12)).

The Court finds that Petitioner has not raised a genuine issue of material fact that could create a dispute as to whether a writ of habeas corpus is merited in this case. Therefore, Respondent's motion is hereby granted.

### III. Conclusion

A review of the record indicates that the Magistrate Judge's report accurately states the case and the applicable law. For the reasons articulated by the Magistrate Judge, Defendants' Motion to Dismiss (Dkt. No. 21) is **GRANTED** and the habeas petition is **DISMISSED**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

4

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

October 6, 2014
Charleston, South Carolina